UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| YOLANDA EASTWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 3:23-cv-00070-MJD-RLY |
| | ) |
| MAC'S CONVENIENCE STORES LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant's Motion for Summary Judgment. [Dkt. 31.][1] The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

**I. Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, a court must "view the facts in the light most favorable to the nonmoving party, and draw all reasonable inferences in his favor." *Pack v. Middlebury Cmty. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021) (citing *McAllister v. Innovation Ventures*, 983 F.3d 963, 967 (7th Cir. 2020)).

Summary judgment is a critical moment for a non-moving party. It must "respond to the moving party's properly-supported motion by identifying

---

[1] The Court notes that Defendant's filing violates Local Rule 5-6(a)(2), which requires that "[e]ach electronically filed exhibit to a main document must be . . . submitted as an attachment to the main document and **given a title which describes its content**."

specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017). Inferences supported only by speculation or conjecture will not suffice. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 721-22 (7th Cir. 2018). Neither will the mere scintilla of evidence. *Grant*, 870 F.3d at 571.

*Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 894 (7th Cir. 2018). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, "as it is not the court's job to 'scour the record in search of evidence to defeat a motion for summary judgment.'" *Hildreth v. Butler*, 960 F.3d 420, 429 (7th Cir. 2020) (quoting *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008)).

## II.  Material Facts

The facts relevant to Defendant's motion are not in dispute.

On March 29, 2019, Plaintiff and her spouse filed a Voluntary Petition for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Southern District of Indiana. [Dkt. 31-3]; *see* Cause No. 19-70378-AKM-13. An Order of Confirmation was entered by the Bankruptcy Court on July 18, 2019, establishing a plan pursuant to 11 U.S.C. § 1321 ("the Plan").[2]

Plaintiff alleges in her Complaint in this case that she was injured on August 12, 2021, while shopping at a Circle K store operated by Defendant. Plaintiff alleges that her fall was caused by the negligence of a store employee. At the time of the fall, the bankruptcy case was still open, and Plaintiff and her spouse were still making payments pursuant to the Plan.

---

[2] The Court takes judicial notice of the bankruptcy proceedings. *See Rainey v. United Parcel Serv., Inc.*, 466 F. App'x 542, 544-45 (7th Cir. 2012) (citing *In re Consol. Indus. Corp.,* 397 F.3d 524, 527 (7th Cir. 2005)).

On December 14, 2022, the Bankruptcy Court entered an Order of Discharge, [Dkt. 33], and the bankruptcy case was closed on January 10, 2023.

This case was filed by Plaintiff in state court on March 20, 2023, and removed to this court by Defendant on April 26, 2023. [Dkt. 1.] At no time prior to the filing of the instant motion for summary judgment did Plaintiff supplement her bankruptcy petition or otherwise inform the Bankruptcy Trustee of the existence of her personal injury claim against Defendant.

In response to the instant motion, Plaintiff notified the Bankruptcy Trustee of the existence of this case. On September 29, 2023, the Trustee filed a motion to reopen the bankruptcy case, which was granted by the Bankruptcy Court on October 3, 2023. The Bankruptcy Trustee initially moved to modify the Plan, but then withdrew that motion and filed a motion seeking to appoint Plaintiff's counsel in this case as special counsel to pursue this case on behalf of the bankruptcy estate. That motion was granted by the Bankruptcy Court on November 14, 2023.

### III. Discussion

There is no question (and Plaintiff does not dispute) that Plaintiff was obligated to file a supplemental schedule in her bankruptcy case to include her personal injury claim once it accrued. *See* Federal Rule of Bankruptcy Procedure 1007(h). This is because "[a] Chapter 13 estate encompasses all property, including legal claims, acquired after the petition is filed and before the case is closed" and "[d]ebtors have a continuing duty to schedule newly acquired assets while the bankruptcy case is open." *Rainey v. United Parcel Serv., Inc.*, 466 F. App'x 542, 544 (7th Cir. 2012) (citing 11 U.S.C. §§ 541(a)(1), 1306(a)(1); *In re Willett,* 544 F.3d 787, 791 n.3 (7th Cir. 2008); *Cable v. Ivy Tech State College,* 200 F.3d 467, 472-73 (7th Cir. 1999); *In re Jones,* 657 F.3d 921, 927 (9th Cir. 2011); *In re Waldron,* 536 F.3d 1239, 1241, 1244 (11th Cir.

3

2008)).  There is also no dispute that Plaintiff failed to do so prior to the closing of her bankruptcy case.³  Defendant argues that this failure means that Plaintiff is judicially estopped from pursuing this claim and, therefore, judgment should be entered in favor of Defendant.

At the time Defendant filed its motion for summary judgment, Defendant may have been correct.  "[A] debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).  However,

> [j]udicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of the debtor's deceit.  Moreover, as a technical matter the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims, and unless the estate itself engages in contradictory litigation tactics the elements of judicial estoppel are not satisfied.

*Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).  Now that the bankruptcy case has been reopened, Plaintiff is no longer pursuing this claim on her own behalf; she is pursuing it for the benefit of the bankruptcy estate.  This fact distinguishes this case from *Novotny v. Plexus Corp.*, 777 F. App'x 164, 166 (7th Cir. 2019), a case cited by Defendant in its reply brief.  In that case, the plaintiff had filed for and been granted a discharge in bankruptcy under Chapter 7, not Chapter 13, and the trustee had abandoned the claim.  He then attempted to convert his bankruptcy to a Chapter 13, but that request was denied by the bankruptcy court. Accordingly, had the plaintiff in Novotny been permitted to continue pursuing his lawsuit, any judgment

---

³ Plaintiff asserts in her response brief that she had no "intention to deceive the federal court system." [Dkt. 37 at 2.]  Such a statement in a brief in response to a motion for summary judgment is meaningless; as Defendant correctly points out in its reply brief, in order to create a factual dispute to defeat summary judgment, evidence—such as a declaration from Plaintiff—must be submitted.  Consequently, the Court's ruling herein is not based on Plaintiff's intent or lack thereof.

entered in his favor would have inured to his benefit, not that of his creditors.  Such is not the case here.

Instead, this case is analogous to *Rainey*, in which the Seventh Circuit found that a plaintiff who reopened his Chapter 13 bankruptcy case to disclose his lawsuit after the lawsuit had been dismissed by the district court on judicial estoppel grounds, but before his appeal was decided, "should be allowed to pursue those claims on behalf of the bankruptcy estate" because preventing him from doing so would "undermine the interests of his creditors."  *Rainey*, 466 F. App'x at 543, 545 (distinguishing *Cannon-Stokes*, 453 F.3d at 448, as a case "where the trustee had abandoned the property and so the debtor could bring the claim only for her personal benefit").

Assuming Plaintiff's personal injury claim has merit, applying judicial estoppel under the circumstances of this case would amount to a windfall to Defendant at the expense of Plaintiff's creditors.  The Court will accordingly permit Plaintiff to continue to pursue her claim on behalf of the bankruptcy estate.

## IV.  Conclusion

For the reasons set forth above, Defendant's motion for summary judgment is **DENIED**.

SO ORDERED.

Dated:  28 NOV 2023

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.